UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: CR 04-29 (JRT/FLN) ) |
| MOHAMMED ABDULLAH WARSAME, | ) ) ) |
| Defendant. | ) |

**DEFENDANT'S MOTION TO DISMISS INDICTMENT
(STATUTE UNCONSTITUTIONAL ON ITS FACE)**

Now comes Defendant Mohammed Abdullah Warsame, by his attorneys, David C. Thomas and Ted Dooley, pursuant to the First and Fifth Amendments to the United States Constitution and F.R. Crim. P. 12 (b)(3)(c), and moves for the entry of an order dismissing the Indictment, a copy of which is attached as Exhibit A, for the reasons set forth below and in the Memorandum of Law in Support attached hereto and made a part hereof:

1.  The Indictment consists of one count alleging a violation of 18 U.S.C. § 2339B (a)(1), which provides in pertinent part: "Whoever within the United States or subject to the jurisdiction of the United States, knowingly provides material support or resources to a foreign terrorist organization, or attempts or conspires to do so..." commits a Federal offense punishable by a maximum period of imprisonment of 15 years, or life imprisonment if death results.

2.  § 2339B (a)(1) is unconstitutional on its face because it lacks the requirements of knowledge and specific intent necessary to establish a defendant's personal guilt. Scales v. United States, 299 U.S. 353 (1937). Rather, the statute allows for guilt by association, in violation of the First Amendment rights to freedom of

SCANNED
MAR 1 6 2005
U.S. DISTRICT COURT MPLS

association and expression, and the Fifth Amendment right to due process. A statute that criminalizes association with a group requires proof that the defendant specifically intended to further the group's illegal goals. <u>Elfbrandt v. Russell</u>, 384 U.S. 11 (1966).

3. A specific intent requirement is necessary because otherwise the statute would criminalize innocent conduct. In order to constitute an offense, the government must prove beyond a reasonable doubt that Defendant knew Al Qaeda was a Designated Foreign Terrorist Organization or knew of the illegal acts that caused it to be designated, and that Defendant knew and intended that his alleged support would further the illegal activities of Al Qaeda. <u>United States v. X-Citement Video, Inc.</u>, 513 U.S. 64 (1994).

4. The Indictment fails to allege the requisite knowledge and specific intent, and the statute lacks language calling for the requisite knowledge and specific intent.

5. Since the statute is unconstitutional on its face, the Indictment must be dismissed.

Respectfully submitted,

*David C. Thomas*
One of the attorneys for Mohammed Warsame

DAVID C. THOMAS, ESQ.
565 West Adams Street, Suite #600
Chicago, Illinois 60661-3691
(312) 906-5050

TED DOOLEY
270 Grain Exchange North
301 Fourth Avenue South
Minneapolis, MN 55415
(612) 339-1453