**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MOHAMED ABDULLAH WARSAME,<br><br>Defendant. | Criminal No. 04-29 (JRT)<br><br>**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

Thomas M. Hollenhorst and William H. Koch, Assistant United States Attorneys, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415; Joseph N. Kaster, **UNITED STATES DEPARTMENT OF JUSTICE**, Tenth & Constitution Avenue NW, Room 2649, Washington, DC 20530, for plaintiff.

David C. Thomas, **LAW OFFICES OF DAVID C. THOMAS**, 53 West Jackson Boulevard, Suite 1362, Chicago, IL 60604; Andrea K. George, Assistant Federal Public Defender, **OFFICE OF THE FEDERAL PUBLIC DEFENDER**, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415, for defendant.

Defendant Mohamed Abdullah Warsame is charged with conspiracy to provide material support and resources to a designated Foreign Terrorist Organization and with providing material support and resources to a designated Foreign Terrorist Organization, in violation of 18 U.S.C. § 2339B. Warsame is further charged with making false statements in violation of 18 U.S.C. § 1001(a)(2). On September 22, 2006, Warsame filed a Motion to Dismiss Based Upon A Violation Of Defendant's Constitutional And

Statutory Right To A Speedy Trial. For the reasons explained below, the Court denies the motion.

**BACKGROUND**

Warsame is a naturalized Canadian citizen, who became a lawful permanent resident of the United States in 2002. From 2002 until December 2003, he resided with his wife and daughter in Minneapolis, Minnesota, and attended the Minneapolis Community and Technical College. On December 9, 2003, Warsame was arrested in this district on the authority of a material witness warrant issued in the Southern District of New York.

On January 20, 2004, Warsame was charged in an indictment with conspiracy to provide material support to a designated Foreign Terrorist Organization in violation of 18 U.S.C. § 2339B.[1] Warsame first appeared in this district on February 2, 2004. On February 9, 2004, Warsame appeared for arraignment and for a detention hearing. The Court ordered that Warsame be detained and set a trial date for April 5, 2004.

On February 13, 2004, the Court issued the first of several orders granting continuances of the trial date and excluding time under the Speedy Trial Act. The first four orders resulted from joint motions filed by the prosecution and defense.[2] In these motions, the prosecution explained that the case implicated national security interests and

---

[1] On June 21, 2005, Warsame was charged in a Superseding Indictment that added a count of providing material support and resources to a designated Foreign Terrorist Organization in violation of 18 U.S.C. § 2339B, and three counts of making false statements in violation of 18 U.S.C. § 1001(a)(2).

[2] The Court issued these orders on February 13, 2004 [Docket No. 15], July 23, 2004 [Docket No. 18], August 5, 2004 [Docket No. 20], and September 1, 2004 [Docket No. 24].

necessitated implementation of the Classified Information Procedures Act ("CIPA"). The prosecution further explained that the protections and procedures of CIPA were necessary before the prosecution could comply with its discovery obligations. These orders excluded the time from January 20, 2004 through November 30, 2004 under the Speedy Trial Act. The Court specifically found that the ends of justice served by granting the continuances outweighed the best interests of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(8)(A).

During this time period, the parties addressed various pretrial matters. Specifically, the prosecution provided hundreds of pages of unclassified discovery to defendant and the parties engaged in plea negotiations. In addition, defense counsel obtained the security clearance needed to have access to classified materials. Warsame's initial counsel received his security clearance in August 2004. Contemporaneously, Warsame released his initial counsel and retained David Thomas. Thomas received his clearance in December 2004.

On February 15, 2005, the prosecution filed a motion for a further continuance and exclusion of time under the Speedy Trial Act. The prosecution explained that further delay was necessary so that it could provide further discovery to the defense while also complying with CIPA. The defense did not oppose this motion. On that same day, the Court issued an order excluding the time from January 20, 2004 until further order of the Court. The Court noted the necessity of complying with CIPA, and again found that the ends of justice served by granting the continuance and excluding the time outweighed the best interest of the public and the defendant in a speedy trial.

On March 8, 2005, the Court signed a protective order that established procedures for the receipt, handling, and storage of classified information by the defense. On April 21, 2005, the Court held a status conference to inquire about various scheduling issues. The parties agreed that in light of the volume of discovery and other complexities of the case, the earliest possible trial start date would be in April 2006.

From March 15, 2005 through July 14, 2005, the defense filed numerous motions.[3] The Court held motion hearings on November 15, 2005 and December 19, 2005. The Court allowed additional briefing on the motions to quash arrest and suppress evidence. On January 20, 2006, the Court ordered additional briefing on the Motion to Suppress the Fruits of All Surveillance and Each Search Conducted Under FISA. The Court took the majority of the defense motions under advisement.

The Court issued an order dated April 25, 2006. In that order, the Court explained that defendant previously requested any information in this case that resulted from warrantless electronic surveillance by the National Security Administration. Based on the Court's order that followed defendant's request, the prosecution submitted information to the Court. In the order dated April 25, 2006, the Court concluded that the prosecution need not submit further information regarding warrantless electronic

---

[3] These include the following: Motion to Dismiss Indictment, Motion to Appoint Counsel, Motion for Discovery, Motion to Quash Arrest and Suppress Evidence, Supplemental Motion for Discovery, Motion for Disclosure of FISA Applications, Motion for Bill of Particulars, Motion to Dismiss Counts 1 and 2 of Superseding Indictment, Motion to Suppress Fruits of All Surveillance and Each Search Conducted Under FISA, Amended Motion to Quash Arrest and Suppress Evidence, Amended Motion for Bill of Particulars, Motion for Release From Custody Pending Trial, Motion to Produce and Identify Alleged Confidential Sources, and Motion to Compel the Government to Furnish English Language Translations.

surveillance by the National Security Administration, and denied defendant's request for such information.

The defense filed the instant motion to dismiss on September 22, 2006. Since that time, the Court has engaged in proceedings under CIPA and has continued to oversee the prosecution's compliance with its discovery obligations. Specifically, the Court reviewed potential discovery on November 21, 2006, December 13, 2006, and February 27, 2007, and the prosecution will be providing additional information for the Court's review.

## ANALYSIS

In the motion currently before the Court, Warsame argues that his statutory and constitutional rights to a speedy trial have been violated. His argument focuses on the period following the motion hearings in late 2005. Warsame emphasizes that he never appeared in court in 2006, and that the motions filed on July 14, 2005 remain pending. Warsame points out that even though he was arrested in December 2003, no trial date is set and the prosecution has failed to provide defendant any discovery under CIPA.

### I.    STATUTORY RIGHT TO A SPEEDY TRIAL

Under the Speedy Trial Act, a federal criminal defendant must be brought to trial within 70 days of his indictment or arraignment, whichever comes later. 18 U.S.C. § 3161(c)(1); *see also United States v. Yerkes*, 345 F.3d 558, 561 (8th Cir. 2003). Certain days, however, may be excluded from the 70-day calculation. *Yerkes*, 345 F.3d at 561; 18 U.S.C. §§ 3161(d) and 3161(h). After these days are excluded, if the total number of non-excludable days exceeds 70, then district court must dismiss the indictment upon the

defendant's motion. *Yerkes*, 345 F.3d at 561; 18 U.S.C. § 3162(a)(2). The defendant has the burden of proof to support the motion, with the exception of the exclusion of time under section 3161(h)(3). 18 U.S.C. § 3162(a)(2).

The Speedy Trial Act excludes from the 70-day calculation any delay resulting from a continuance granted by a district court, as long as the court sets forth its reasons for "finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). The Speedy Trial Act requires the court to consider several factors in determining whether to grant a continuance. These include whether 1) failure to grant such a continuance would result in a miscarriage of justice; 2) the case is so unusual or so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the established time limits; and 3) failure to grant such a continuance would deny the defendant reasonable time to obtain counsel, or would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(8)(B).

In an order dated February 15, 2005, the Court granted the prosecution's motion for a continuance and excluded the time from January 20, 2004 "until further order of the Court." (Docket No. 26.) Warsame argues that his statutory right to a speedy trial was violated because the Court cannot prospectively exclude time under *Zedner v. United States*, 126 S. Ct. 1976 (2006). In *Zedner*, the United States Supreme Court held that a defendant could not prospectively waive the right to a speedy trial because the public interest is also served by a speedy trial. *Id.* at 1985. The Supreme Court further held that

when excluding time under the Speedy Trial Act, the district court must make explicit findings on the record, and that these findings cannot be made upon remand from an appellate court. *Id.* at 1988-89. The Supreme Court noted that the best practice is for a district court to make the findings when granting the continuance, but "at the very least the Act implies that those findings must be put on the record by the time a district court rules on a defendant's motion to dismiss . . . ." *Id.* at 1989.

In the order dated February 15, 2005, the Court noted that this case requires implementation of CIPA, and explicitly found that the ends of justice served by granting the continuance outweighed the best interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(8)(A). Unlike *Zedner*, the Court did not rely on a waiver by the defendant but rather excluded time pursuant to an express provision of the Speedy Trial Act. Neither does the Court's prospective exclusion of time run afoul of the teaching in *Zedner*. In *Zedner*, the defendant's prospective waiver was completely open-ended, but here the tolling of time under the Act is subject to continued monitoring and revision by the Court.

Prospective exclusions of time undoubtedly should be used sparingly. The Court nevertheless concludes that under the unique circumstances of this case, the Court properly excluded time under the Act. *See Zedner*, 126 S. Ct. at 1983 (explaining that "criminal cases vary widely and that there are valid reasons for greater delay in particular cases"). A major complication owing to the justifiable delays in this case has been the invocation of CIPA. Implementation of the protections under CIPA is time consuming, but it is necessary before the prosecution can legally comply with its discovery

obligations. Pursuant to CIPA, the prosecution prepared summaries of classified documents that contain information relevant to the defense. *See* 18 U.S.C. App. § 4. The Court has carefully reviewed these summaries to ensure that they properly reflect the underlying classified documents. Based on this review, the Court has required the prosecution to modify these summaries in several respects. The preparation and modification of these summaries has required the cooperation of personnel from multiple governmental agencies, and has justified continued delay in this case. In addition, defense counsel and court staff members have had to obtain security clearances necessary to have access to classified materials. Receipt of a security clearance requires a person to complete a background investigation that can take many months.

Beyond the classified information involved here, additional aspects of this case have justified delay. The allegations of terrorism in this case create numerous complexities and implicate national security interests of the United States. For example, the case involves the collection and use of evidence obtained under the Foreign Intelligence Surveillance Act ("FISA"). Somali and Arabic translators have had to be retained. The case has required greater judicial oversight of procedural matters, as explained above in the context of discovery. The pretrial motions have involved difficult legal issues, including the constitutionality of the FISA and the material support statute, 18 U.S.C. § 2339B. Finally, the fact that attorney changes have occurred on both sides has also contributed to the delay.

As noted in the order dated February 15, 2005, the Court's primary consideration in granting the continuance was that this case involves implementation of CIPA. This

consideration remains applicable at this time. The time from the date of this order until further order of this Court shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(8)(A). The Court continues to find that the ends of justice served by granting a continuance outweigh the best interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(8)(A).

In ruling on Warsame's motion to dismiss, the Court must tally the excludable and non-excludable days in this case. Warsame's speedy trial "clock" began ticking at his arraignment on February 9, 2004. *See* 18 U.S.C. § 3161(c)(1); *Yerkes*, 345 F.3d at 561. As explained above, the Court has properly excluded all time since the indictment, which was filed on January 20, 2004. Because no non-excludable days have accumulated in this case, the Court denies Warsame's motion to dismiss based on his statutory right to a speedy trial.

## II.   CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial . . . ." U.S. Const. Amend. VI. Sixth Amendment challenges are reviewed separately from the Speedy Trial Act. *United States v. Thirion*, 813 F.2d 146, 154 (8th Cir. 1987). However, it would be "unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not." *United States v. Titlbach*, 339 F.3d 692, 699 (8th Cir. 2003).

The Supreme Court has identified four relevant inquiries in a claim involving the Sixth Amendment right to a speedy trial: 1) whether delay before trial was uncommonly

long; 2) whether the government or the criminal defendant is more to blame for that delay; 3) whether, in due course, the defendant asserted his right to a speedy trial; and 4) whether he suffered prejudice as a result of the delay. *Doggett v. United States*, 505 U.S. 647, 651 (1992) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). Courts refer to these four inquires as the *Barker* factors.

The Sixth Amendment right to a speedy trial attaches at the time of arrest or indictment, whichever comes first. *United States v. Shepard*, 462 F.3d 847, 864 (8th Cir. 2006). Here, the right to a speedy trial attached on January 20, 2004, and over three years have passed since that date. To trigger speedy trial analysis, the defendant must allege that the interval between accusation and trial has crossed a line "dividing ordinary from 'presumptively prejudicial' delay." *Doggett*, 505 U.S. at 651-52. The Eighth Circuit has held that a 37-month delay is presumptively prejudicial. *United States v. Walker*, 92 F.3d 714, 717 (8th Cir. 1996); *cf. Titlbach*, 339 F.3d at 699 ("A delay approaching a year may meet the threshold for presumptively prejudicial delay . . . ."). The delay here is presumptively prejudicial, so the Court must engage in the speedy trial analysis and weigh the *Barker* factors.

The first *Barker* factor is the length of delay, which has been uncommonly long. *See Doggett*, 505 U.S. at 651. The second factor is the reason for the delay. As explained above, the delay can be primarily attributed to the need to provide the defendant with discovery derived from classified materials. The blame for this delay is not attributable to defendant, but this fact does not make the delay inexcusable. The Court believes that the prosecution and the Court have acted with reasonable diligence in

working through the discovery issues in this case, and there is certainly no indication of bad faith.  *See id.* at 656.  The delays experienced thus far have been largely inevitable given the unusual and complex nature of cases that implicate national security interests.  *See id.*  As for the third *Barker* factor, Warsame has asserted his right to a speedy trial in due course by bringing this motion at this time.

The final factor considers whether defendant has suffered prejudice because of the delay.  Prejudice may arise in the form of oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility that dimming memories and loss of exculpatory evidence will impair the defense.  *Id.* at 654.  Warsame has been held in the Administrative Control Unit of the Minnesota Department of Corrections facility at Oak Park Heights since February 2004.  This is a maximum-security setting that allows few privileges and little contact with other people.  The Court has raised concerns about the nature of this detention with the United States Marshals Service, and the conditions of detention have been modified accordingly.  Warsame has been provided with increased recreational time, reading materials, and canteen privileges.  It is nevertheless clear that uncommonly long pretrial detention under maximum-security conditions is a source of some prejudice for defendant.  However, the most serious form of prejudice is impairment of the defense.  *Id.*  Importantly, there is no indication that the delay here has impaired the defense in any way.  The extent of the delay in this case is unfortunate, but the Court notes that the primary cause of the delay has been the efforts to provide discovery materials vital to the defense.

Based on its consideration of the *Barker* factors, the Court concludes that Warsame's constitutional right to a speedy trial has not been violated. The delay has been wholly justifiable, even though it has been uncommonly long and has been the source of some prejudice to defendant. The Court recognizes that the right to a speedy trial is designed to protect important interests of defendants and the public. The Court intends to issue two additional orders shortly and finalize the discovery process. The Court will then schedule a hearing to resolve any additional issues and to set a trial date. Any additional continuances will be closely scrutinized as to whether they are warranted. While a speedy trial is important, it is equally important to ensure that the defendant has access to all potentially relevant information in order to prepare fully his defense to the charges contained in the indictment.

**ORDER**

Based on the foregoing, and all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that defendant's Motion to Dismiss Based Upon A Violation Of Defendant's Constitutional and Statutory Right To A Speedy Trial [Docket No. 84] is **DENIED**.

DATED:   March 8, 2007            s/ John R. Tunheim
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                                    United States District Judge