UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 04-29 (JRT) |
| Plaintiff, | |
| v. | **ORDER DENYING PETITION FOR** *PRO HAC VICE* **ADMISSION** |
| MOHAMED ABDULLAH WARSAME, | |
| Defendant. | |

---

Joseph N. Kaster, Trial Attorney, **UNITED STATES DEPARTMENT OF JUSTICE**, Tenth and Constitution Avenue NW, Room 2649, Washington, DC 20530; W. Anders Folk, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

David C. Thomas, **LAW OFFICES OF DAVID C. THOMAS**, 53 West Jackson Boulevard, Suite 1362, Chicago, IL 60604; and Andrea K. George, Assistant Public Defender, **FEDERAL PUBLIC DEFENDER'S OFFICE**, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415, for defendant.

This case is before the Court on a motion by Seamus R. Mahoney, who is not counsel of record in this case, requesting that attorney Carl Peter Erlinder be admitted *pro hace vice* as an additional attorney for defendant Mohamed Warsame. For the reasons given below, the motion is denied.

**BACKGROUND**

Erlinder is an attorney who resides in Minnesota and teaches law at the William Mitchell College of Law in St. Paul, Minnesota. Erlinder is admitted to practice before

the Supreme Court of Illinois, as well as numerous other federal district and appellate courts.  Erlinder is not, however, admitted to practice before either the Supreme Court of Minnesota or this Court.

Rule 83.5 of the Local Rules for the District of Minnesota prescribes the standards for admission to practice before this Court.  This rule indicates that attorneys who have been admitted to practice before the Minnesota Supreme Court are eligible for admission.  D. Minn. R. 83.5(b).  The rule also provides a process for non-resident attorneys to be admitted *pro hac vice*.  D. Minn. R. 83.5(d).  The rule does not, however, provide for the admission of attorneys who reside in Minnesota but have not been admitted to practice before the Minnesota Supreme Court.

Erlinder indicates that on two prior occasions, he sought admission *pro hac vice* in cases before this Court.  On both occasions, he was informed that he is not eligible for *pro hac vice* admission because he resides in Minnesota.  Erlinder also notes that he has asked the District Rules Committee to consider whether this restriction violates federal law.  Erlinder indicates that no changes in the Local Rules resulted from this request.

Erlinder now seeks *pro hac vice* admission to practice before this Court once again.  He argues that his admission is required by United States Supreme Court precedent concerning the integrity of the federal court system, the Privileges and Immunities Clause of Article IV of the United States Constitution, and the Sixth Amendment rights of his prospective client.

ANALYSIS

I. *FRAZIER v. HEEBE*

Erlinder first argues that his *pro hace vice* admission is required pursuant to *Frazier v. Heebe*, 482 U.S. 641 (1987). In *Frazier*, the Supreme Court considered Local Rules in the Eastern District of Louisiana that denied bar admission to attorneys who neither lived nor had an office in Louisiana. The Court explained that "a district court has discretion to adopt local rules that are necessary to carry out the conduct of its business," and that "[t]his authority includes the regulation of admissions to its own bar." *Id*. at 645. The Court noted, however, that it possesses a "supervisory power over federal courts [that] allows the Court to intervene to protect the integrity of the federal system." *Id*. at 648 n.7. The Court indicated that it "may exercise its inherent supervisory power to ensure that . . . local rules are consistent with the principles of right and justice." *Id*. at 645 (internal quotation marks omitted).

The Court went on to exercise this authority to invalidate the Eastern District of Louisiana's disputed restrictions. The Court considered and rejected various justifications for the residency and office requirements, before concluding that they amounted to unnecessary and arbitrary discrimination against out-of-state attorneys. *Id*. at 649. Erlinder argues that the residency restriction at issue here is no less unnecessary and arbitrary, and should be invalidated as well. The Court disagrees.

The restrictions at issue in *Frazier* were simply categorically different from the restrictions impacting Erlinder. In *Frazier*, the disputed restrictions had the effect of preventing an entire class of attorneys from freely accessing a federal district court,

regardless of those attorneys' qualifications. The Supreme Court noted that it was no answer to say that these attorneys could simply apply for admission *pro hac vice*, because such an approach would "drive up the cost of litigation and . . . steer business almost exclusively to the in-state bar." *Id.* at 652 n.12. The Supreme Court also added that "in many District Courts the decision on whether to grant *pro hac vice* status to an out-of-state attorney is purely discretionary and therefore is not a freely available alternative." *Id.* at 652 n.13. In short, without an opportunity to seek admission to the bar of Eastern District of Louisiana, the opportunities for out-of-state attorneys to practice in that district were obstructed and uncertain.

Here, however, there is absolutely nothing preventing Erlinder from seeking full admission to this Court's bar. Indeed, Erlinder has been a law professor for more than twenty-five years in a city where the Minnesota bar exam is offered twice each year. *See generally* Minnesota State Board of Law Examiners, http://www.ble.state.mn.us (providing information on dates for the Minnesota Bar Exam). In addition, Erlinder could seek to "waive in" to Minnesota bar membership, by demonstrating that for at least five of the last seven years, he was (1) licensed to practice law; (2) in good standing before the highest court of all jurisdictions where he is admitted; and (3) engaged, as a principal occupation, in the active and lawful practice of law as, *inter alia*, a professor teaching full-time in any approved law school. *See* State of Minnesota, Rules for Admission to the Bar, available at http://www.ble.state.mn.us/rules.html#rule7. If Erlinder successfully pursued either of these paths to bar membership – and satisfied the additional character, fitness, and reporting requirements for both Minnesota bar

membership and admission to this Court – he would be entitled to appear in this case and any other case in this District. In short, Erlinder has convenient access to the same paths to bar admission available to his students and any other Minnesota resident.

In light of that access, this Court is not persuaded that it must afford Erlinder yet another route to appear before this Court in order to preserve the integrity of the federal system. This Court affords the broad access to bar membership required in *Frazier*. To go beyond that requirement, and to hold that Minnesota attorneys must be allowed to appear *pro hac vice* in Minnesota's federal district court, would accomplish nothing more than enabling local federal practitioners to avoid Minnesota's legitimate state bar requirements. That result is not required in *Frazier* and is not otherwise necessary to establish local rules "consistent with the principles of right and justice." *Frazier*, 482 U.S. at 645 (internal quotation marks omitted).

**II.     PRIVILEGES AND IMMUNITIES CLAUSE**

Under the Privileges and Immunities Clause of Article IV, "The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." U.S. Const. art. IV, § 2. Erlinder argues that by allowing nonresidents to be admitted *pro hac vice* but not affording the same opportunity to Minnesota residents, this District violates this Clause.

An identical argument was rejected by the Ninth Circuit in *Paciulan v. George*, 229 F.3d 1226, 1228-29 (9th Cir. 2000). As that court observed, requiring courts to allow local attorneys to practice without having met the court's membership requirements

would impinge on a court's traditional authority to license and regulate the attorneys who appear before it. *Id*. (citing *Leis v. Flynt*, 439 U.S. 438, 442 (1979)). This Court agrees. While *Frazier* clearly indicates that there are limits on a court's ability to foreclose bar admission for non-resident attorneys, there is nothing in *Frazier* or the Privileges and Immunities Clause that requires a court to provide an alternative path to practice – or otherwise lower its standards – for its own residents. In short, as explained above, Erlinder has a path to gain permission to practice before this Court, and the Constitution does not require that this Court afford him an additional path designed for out-of-state attorneys.

## III. SIXTH AMENDMENT

Finally, Erlinder argues that preventing him from being admitted *pro hac vice* will violate Warsame's Sixth Amendment right to counsel. "[T]he Sixth Amendment guarantees a defendant the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to represent the defendant even though he is without funds." *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624-25 (1989). This right, however, "is circumscribed in several important respects." *Wheat v. United States*, 486 U.S. 153, 159 (1988). For example, "[r]egardless of his persuasive powers, an advocate who is not a member of the bar may not represent clients (other than himself) in court." *Id*.

Here, although Erlinder is a licensed attorney, he is not a member of this Court's bar. As explained above, this is a circumstance of his own making, as he is entitled to the

same opportunity to pursue bar membership as any other attorney, and has at least two feasible routes readily available. To hold that the Sixth Amendment nonetheless requires that he be allowed to practice before this Court would be to hold that the Sixth Amendment invalidates this Court's well-established right to regulate bar admission and *pro hac vice* status. Neither Erlinder nor this Court has identified any legal support for this broad proposition, and this Court finds no basis for adopting it here.[1] Accordingly, Mahoney's motion is denied.

**ORDER**

Based on the foregoing records, files, and proceedings herein, **IT IS HEREBY ORDERED** that the motion of Seamus R. Mahoney requesting that the Court admit Peter Erlinder *pro hac vice* [Docket No. 156] is **DENIED**.

DATED: June 23, 2009
at Minneapolis, Minnesota.

                                            s/ John R. Tunheim
                                            JOHN R. TUNHEIM
                                          United States District Judge

---

[1] Erlinder briefly argues that *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006), requires his admission. In *Gonzalez-Lopez*, the Supreme Court addressed a situation where an attorney had been denied *pro hac vice* admission by a trial court because the attorney had violated a local rule concerning contact with clients. *Id*. at 143-44. The Supreme Court found that this ruling violated the defendant's Sixth Amendment rights, and sustained a reversal of his conviction. In that case, however, the prosecution did not dispute on appeal that the trial court had improperly applied the local rule. *Id*. at 144. In other words, the parties agreed that the defendant had been denied his choice of counsel without justification. Here, it is apparent that Rule 83.5 precludes Erlinder's *pro hac vice* admission, and for the reasons given above, this Court concludes that this rule withstands constitutional scrutiny. Nothing in *Gonzalez-Lopez* indicates that the Sixth Amendment overrides an otherwise legitimate regulation concerning bar membership or *pro hac vice* admission, particularly when the attorney at issue has a readily available path to bar membership.